UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMA FINANCIAL, LLC,<br><br>                        Plaintiff,<br><br>        -against-<br><br>nFUSZ, Inc.<br><br>                       Defendant. | Civ. No.<br><br>COMPLAINT |

Plaintiff EMA Financial, LLC, ("EMA"), by its attorneys, Olshan Frome Wolosky LLP, for its Complaint against nFusz, Inc. states:

The Parties

1.      Plaintiff EMA is a Delaware limited liability company with its principal office at 40 Wall Street, New York, New York 10005. EMA is in the business of investing in public companies. The members of EMA are citizens of the States of New York and Delaware.

2.      Defendant nFusz, Inc. ("Fusz") is a Nevada corporation with its headquarters at 344 S. Hauser Blvd, Suite 414 Los Angeles, CA 90036. According to its public filings, Fusz has "developed proprietary interactive video technology software which serves as the basis for certain products and services that [Fusz] market[s] under the brand name 'notifi'." Defendant's common stock is registered with the SEC and its shares trade on the OTC Bulletin Board under the symbol "FUSZ."

Jurisdiction and Venue

3.      This Court has subject matter jurisdiction over Plaintiff's claims in this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship as between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interest

and costs. Plaintiff is a citizen of New York and Delaware and Defendant is a citizen of Nevada and California.

4.      Venue is proper in this District pursuant to 28 U.S.C. §1391 because the parties have designated this District as the stipulated venue for adjudication of their disputes.

5.      Defendant has consented to personal jurisdiction pursuant to the written instruments at issue herein. Specifically Section 5(e) of the Warrants (as defined below), incorporate the forum clause in the Securities Purchase Agreements (as defined below) executed by all parties, which provides that "[a]ny action brought by any party against any other party hereto concerning the transactions contemplated by this Agreement shall be brought only in the state courts of New York or in the federal courts located in the State and County of New York," and further that "the parties … agree to submit to the in personam jurisdiction of such courts."

The Warrants

6.      Fusz is an incubation-stage enterprise, and according to their most recently filed Form 10-K for the period ending December 31, 2017 have suffered losses of $7,266,553 million and $4,273,239 million in 2017 and 2016, respectively, based on sales of approximately $5,914.00 for the two years combined. At year end 2017, its balance sheet showed $90,803 in assets and approximately $5,879,840 million in liabilities. The Company had accumulated losses of $28,539,953 million.

7.      Plaintiff entered into a Securities Purchase Agreement with Fusz on December 5, 2017 (the "December Purchase Agreement") pursuant to which Fusz issued to Plaintiff an 8% Convertible Note  in the original principal amount of  $185,000.00 (the "December Note") and also received, a warrant for Fusz common stock in the amount of 1,200,000 warrant shares, exercisable at $0.11 per warrant share, subject to adjustment (the "December Warrant"). On December 8, 2017, the transaction's closing date, Fusz common stock closed at $0.10 with

2

minimal trading volume. On January 11, 2018, EMA entered into a second Securities Purchase

Agreement on substantially similar terms (the "January Purchase Agreement"), pursuant to

which Fusz issued to Plaintiff an 8% Convertible Note  in the original principal amount of

$75,000.00 (the "January Note") and receiving a second warrant for 500,000 warrant shares,

exercisable at $0.14 per warrant share (the "January Warrant"). On January 19, 2018, the

transaction's closing date, Fusz common stock closed at $0.0968. . The January Warrant and the

December Warrant (collectively the "Warrants") are annexed as Exhibits A and B.

      8.     The Warrants issued to Plaintiff contain identical "cashless exercise" provisions

under which, on limited conditions, Plaintiff might exercise by tendering the "in the money"

portion of the Warrant shares. In Section 2(c), each Warrant states:

> c) <u>Cashless Exercise</u>. In the event that the shares underlying this Warrant
> are not registered for resale with the Securities and Exchange Commission
> under an effective registration statement with a current prospectus, then
> this Warrant may also be exercised by means of a "cashless exercise" in
> which the Holder shall be entitled to receive a certificate for the number of
> Warrant Shares equal to the quotient obtained by dividing [(A-B) (X)] by
> (B), where:
>
> > (A) = the Market Price (as defined below)
> >
> > (B) = the Exercise Price of this Warrant (as adjusted); and
> >
> > (X) = the number of Warrant Shares issuable upon exercise of this
> >       Warrant in accordance with the terms of this Warrant by
> >       means of a cash exercise rather than a cashless exercise.
>
> "Market Price" shall mean the closing sale price per share of Common
> Stock on the principal market where the Common Stock is traded on the
> Trading Day immediately preceding delivery of the Notice of Exercise or
> the Closing Date, whichever is greater. Notwithstanding anything herein
> to the contrary, on the Termination Date, this Warrant shall be
> automatically exercised via cashless exercise pursuant to this Section 2(c).

      9.     By late March, Defendant Fusz had failed to file a registration statement for the

common stock under the Warrants and thus Plaintiff had the right to a "cashless exercise." In

3

addition, the public price of Fusz common stock had increased to more than $1.70 per share,

making the cashless exercise right valuable. On March 28, 2018, EMA delivered to Fusz a

Notice of Exercise under the December Warrant for 500,000 Warrant shares, to be exercised on

a cashless basis (the "March Exercise Notice"). The March Exercise Notice is annexed as

Exhibit C. Pursuant to the March Exercise Notice, Plaintiff was entitled to receive 7,272,727

shares of common stock calculated as follows:

$$A = \text{Market Price} \qquad \$1.71$$
$$B = \text{Exercise Price} \qquad \$0.11$$
$$X = \text{No. of Warrant Shares} \qquad 500,000$$

$$(A\ [\$1.71] - B\ [\$0.11] \times [500,000]) \text{ divided by } B\ [\$0.11]) = 7,272,727$$

10.    In breach of the Warrants, Fusz has refused to deliver the required number of

shares to Plaintiff. Indeed, Fusz has failed to deliver any shares at all, claiming that the cashless

exercise provision is a "mistake." The shares were due no later than April 3, the third trading

day after delivery of the March Exercise Notice. On that day, Fusz common stock closed at

$1.00 per share, and it has increased since then, closing at $2.32 on April 18, 2018.

11.    Due to the limitation on ownership in Section 2(d) of the December Warrant,

Plaintiff may not exercise the Warrants further, without selling shares that are due for delivery.

If Defendant complied with the Warrant, Plaintiff could provide additional Notices and sell

more shares of Fusz common stock. Unless Defendant complies with the bargained for terms of

the Warrants, Plaintiff will be unable to exercise its rights under the Warrants to receive more

shares.

<u>Liquidated Damages</u>

12.    Section 2(e)(i) of the Warrants provides that, in the event that there is a delay in

the delivery of shares, Fusz will "pay to the Holder, in cash, as liquidated damages and not as a

penalty, $1,000.00 per Trading Day (increasing to $2,000.00 per Trading Day on the fifth

4

Trading Day after such liquidated damages begin to accrue) for each Trading Day after such Warrant Share Delivery Date until such shares or certificates are delivered."

13.     EMA has fully performed its obligations under the Warrants, and the Securities Purchase Agreement. Plaintiff is entitled to liquidate in an amount to be determined at trial, but now exceeding $25,000.

### FIRST CAUSE OF ACTION
(Failure to Deliver Shares - Relief Sought: Money Damages)

14.     Plaintiff repeats the allegations in paragraphs 1 to 13 above.

15.     On March 28, 2018, EMA submitted proper notice of exercise under the December Warrant. Pursuant to the March Exercise Notice, Fusz was obligated to deliver to EMA at least 7,272,727 shares.

16.     Despite its obligation to do so, Fusz has failed and refused to deliver the required number of shares of stock to EMA.

17.     Defendant's conduct has blocked Plaintiff from exercising its rights under the Warrants.

18.     As a result of Fusz's breach of contract, EMA has suffered damages in an amount to be determined at trial, but now estimated to exceed $10,000,000.

### SECOND CAUSE OF ACTION
(Failure to Deliver Shares - Relief Sought: Preliminary and Permanent Injunction)

19.     Plaintiff repeats the allegations in paragraphs 1 to 13 above.

20.     As a result of Fusz's refusal to issue the shares due under the December Warrant, EMA has suffered damages.

21.     EMA has no adequate remedy at law.

22.     In the absence of injunctive relief, EMA will suffer irreparable harm.

4587505-4

23.     EMA requests, therefore, that the Court enter an order requiring Fusz to deliver immediately all shares due to EMA under the December Warrant.

THIRD CAUSE OF ACTION
(Failure to Deliver Shares - Relief Sought: Liquidated Damages)

24.     Plaintiff repeats the allegations in paragraphs 1 to 13 above.

25.     Defendant Fusz has failed to deliver shares pursuant to the March Exercise Notice.

26.     Accordingly, EMA is entitled to an award of liquidated damages pursuant to Section 2(e)(i) of the December Warrant in an amount to be determined at trial, but estimated to exceed $25,000 at present.

FOURTH CAUSE OF ACTION
(For Declaratory Relief)

27.     Plaintiff repeats the allegations in paragraphs 1 to 13 above.

28.     Defendant has contended that the cashless exercise formula in both of the Warrants is a mistake. The Warrants are clear and unambiguous and were negotiated at arm's length by sophisticated parties, each represented by counsel.

29.     Based on the foregoing, EMA is entitled to a declaration that the March Exercise Notice was valid and correctly applied the cashless exercise formula in the Warrants.

WHEREFORE, Plaintiff prays that the Court award the following relief:

A.     On the First Cause of Action, for damages in an amount to be determined at trial but exceeding $10,000,000;

B.     On the Second Cause of Action, for an order requiring Fusz to deliver immediately the number of shares due to EMA under the December Warrant;

C.     On the Third Cause of Action, for liquidated damages;

6

D.      On the Fourth Cause of Action, for declaratory relief as set forth in the

Complaint;

E.      An award to Plaintiff of such other and further relief as the Court deems

just and proper.

Dated: New York, New York
  April 24, 2018

OLSHAN FROME WOLOSKY LLP

By: _____

Thomas J. Fleming
*Attorneys for Plaintiff*
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300

7

4587505-4