UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NY 10007-1312

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

212-805-0194

June 18, 2018

Thomas J. Fleming, Esq.
Olshan Frome Wolosky LLP
1325 Avenue of the Americas
New York, NY   10019

Mark R. Basile, Esq.
The Basile Law Firm, P.C.
400 Jericho Turnpike, Suite 104
Jericho, NY   11753

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 06/18/2018
```

### Re: EMA Financial, LLC v. nFusz, Inc.
### 18 Civ. 3634 (NRB)

Dear Counsel:

      The Court is in receipt of defendant nFusz's letter dated May 24, 2018 (ECF No. 11) setting forth the bases for a contemplated motion to dismiss and plaintiff EMA Financial's letter in response dated May 30, 2018 (ECF No. 13). Having reviewed these letters, the Court offers the following thoughts.

      As an initial matter, based on nFusz's incorporation in Nevada, the Court views with some skepticism the argument that the choice-of-law provisions designating Nevada law should not apply. Second, assuming that the Nevada choice-of-law provisions may be disregarded and assuming that New York law applies in their stead, it is hardly clear to the Court that the transactions at issue are properly subject to usury analysis under New York law, given that the securities involved have at least some equity-like characteristics.

      Finally, even assuming that the securities purchase agreements at issue are properly subject to usury analysis under New York law, the analysis set forth in nFusz's letter calculating an effective interest rate of 81.5% is mathematically unsound. It appears to the Court that the warrants at issue are American-style call options on nFusz's stock — i.e., options to purchase nFusz stock at a pre-defined price that are exercisable over the

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

    term of the option (as opposed to solely at expiration as with a European-style option). While the Court offers no view at this time on the proper methodology or methodologies to be applied in calculating the warrants' value at issuance, it is plain that nFusz's methodology — which considers only the value of the stock to be issued under the warrants and fails entirely to consider the exercise price — is not one of them. (The Court recognizes that the warrants contain a cashless exercise provision, and notes that the cashless exercise provision has no sensible application when the exercise price exceeds the trading price.) EMA correctly notes that the options were out of the money at issuance, but that fact does not imply that the warrants were entirely valueless: the warrants still must have had at least some positive value at issuance, given the possibility that nFusz's stock price would exceed the applicable exercise price at some point over the five-year term. Accordingly, the Court seriously questions whether the issue of usury in this case is susceptible to resolution on a motion to dismiss.

    The parties should decide how they wish to proceed in light of the foregoing, and update the Court accordingly by June 25, 2018.

Very truly yours,

*Naomi Reice Buchwald*

Naomi Reice Buchwald
United States District Judge